IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANN P. MUSA, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 07-208J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of May, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 21) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 16) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on June 27, 2005, alleging disability beginning June 1, 2004, due to emphysema, rheumatoid arthritis, bipolar disorder, gout, diabetes and obesity. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on September 12, 2006, at which plaintiff appeared represented by counsel. On November 15, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 29, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a housekeeper and as a nurse's aide, but she has not engaged in substantial gainful activity at any time since her alleged onset

date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of diabetes mellitus, rheumatoid arthritis, emphysema and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with a number of other limitations. Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing. In addition, plaintiff must avoid concentrated and prolonged exposure to fumes, odors, dusts, gases, environments with poor ventilation, hot and cold temperature extremes and extreme dampness and humidity. Finally, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment, and that involve only simple, work-related decisions and relatively few work placed changes (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work

experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a ticket checker, a nut sorter or a product inspector. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing his past relevant work; and (5) if so, whether the claimant can perform any other work

which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 2, 3 and 5 of the sequential evaluation process. At step 2, plaintiff argues that the ALJ erred in failing to find that she has severe bipolar disorder. Next, at step 3, plaintiff claims that the ALJ erred by concluding that her impairments do not meet or equal any listing in Appendix 1. Finally, plaintiff asserts that the ALJ's step 5 finding that she retains the residual functional capacity to perform work which exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 2 of the sequential evaluation process. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment or combination of impairments, which significantly limits her physical or mental ability to perform basic work activities. 20 C.F.R. §§404.1520(c), 416.920(c).[1] Here,

---

[1] Basic work activities include the ability to: (1) perform physical functions; (2) see, hear and speak; (3) understand, carry out and remember simple instructions; (4) use judgment; (5) respond appropriately to supervision, co-workers and usual work

plaintiff argues that the ALJ erred at step 2 by failing to find that she suffers from the severe impairment of bipolar disorder. The court disagrees with this argument and finds that substantial evidence of record supports the ALJ's finding.

As an initial matter, the record does not indicate that plaintiff was diagnosed with bipolar disorder. Moreover, as the ALJ correctly observed, plaintiff is not under the care of a mental health professional, and the consultative mental health expert found that she has only mild limitations in activities of daily living, social functioning and concentration, persistence and pace.

It is plaintiff's burden to prove that she suffers from a severe mental impairment. 20 C.F.R. §§404.1512(c), 416.912(c); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff did not meet that burden. After reviewing the record, this court is satisfied that the ALJ's finding regarding the non-severity of plaintiff's alleged mental impairment is supported by substantial evidence in the record.

Plaintiff next challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The

---

situations; and (6) deal with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6), 416.921(b)(1)-(6).

- 6 -

listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for her decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that her impairments meet or equal listing 3.02, 9.08, 12.04, 12.06 or 14.09. Plaintiff also claims that the ALJ failed to adequately consider the combined effects of her obesity with her other impairments in assessing whether she meets or equals a listing.

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at her step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has diabetes mellitus, rheumatoid arthritis, emphysema and obesity, which are severe impairments. The ALJ determined, however, that plaintiff's impairments do not meet or equal any listed impairment. The ALJ

stated that she considered the listings contained in sections 3.02 (chronic pulmonary insufficiency), 9.08 (diabetes mellitus) and 14.09 (inflammatory arthritis).[2] Further, the ALJ specifically explained the reasons why plaintiff's condition does not meet or equal the criteria of any of those listings. (R. 18-19).

The ALJ satisfied her burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals certain listings, plaintiff did not identify any medical evidence of record which establishes that she satisfies the requirements of any listing. Moreover, plaintiff's argument that she meets or equals a listing because of her obesity likewise lacks merit. None of plaintiff's physicians placed limitations on her due to obesity. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and

___

[2]Plaintiff's assertion that the ALJ erred in failing to find that she meets or equals listing 12.04 (relating to affective disorders) or 12.06 (relating to anxiety disorders) lacks merit. As discussed above in regard to step 2, plaintiff does not have a severe mental impairment, thus she cannot have a listing level mental impairment at step 3.

residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) she gave inadequate weight to the opinion of plaintiff's treating physician; (2) she did not properly evaluate plaintiff's subjective complaints regarding her pain; and (3) the hypothetical question to the vocational expert was defective. The court finds that each of these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ gave inadequate weight to the opinion of Dr. Lillis, who was one of her treating physicians. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Lillis' opinion was not entitled to controlling weight.

Plaintiff claims Dr. Lillis found she was unable to work,

relying on his statement that she is unable to volunteer for manual labor due to her rheumatoid arthritis, diabetes and chest pain. (R. 555). This conclusory statement was written on a prescription form without any further explanation or supporting medical findings from Dr. Lillis. Even if Dr. Lillis' conclusory statement about plaintiff's inability to perform manual labor is considered, the ALJ's RFC Finding limited plaintiff to sedentary work and did not require that she perform the more strenuous demands of manual labor. For these reasons, plaintiff's argument that Dr. Lillis' statement was given inadequate weight is misplaced.

Plaintiff also suggests that the ALJ gave inadequate weight to the opinion of Dr. Mohammed Dowlut, who performed a consultative examination of plaintiff. Contrary to plaintiff's suggestion, the ALJ thoroughly analyzed Dr. Dowlut's findings, but concluded that they were based on plaintiff's subjective complaints. (R. 20-21). Accordingly, the ALJ properly determined that Dr. Dowlut's assessment of plaintiff's capabilities was not entitled to controlling weight.

Plaintiff next claims that the ALJ erred in evaluating her subjective complaints regarding her pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if she does not find it credible so long as she explains why she is rejecting the testimony.

Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ thoroughly analyzed plaintiff's subjective complaints, and she explained why she found plaintiff's testimony not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, her treatment history, plaintiff's own statements about her symptoms and reports by her physicians about her symptoms and how they affect her. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 19). This court finds that the ALJ adequately explained the basis for her credibility determination (R. 19-21), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert was defective because it did not include limitations identified by Dr. Dowlut, and it did not include limitations to accommodate her pain and obesity. As

AO 72
(Rev. 8/82)

discussed above, the ALJ found that Dr. Dowlut's assessment of plaintiff's capabilities was not entitled to controlling weight, thus the ALJ was not required to incorporate the limitations he identified into the hypothetical to the vocational expert. In addition, as also previously stated above, the ALJ found plaintiff's complaints of pain to be not entirely credible. Thus, the ALJ was not required to include in the hypothetical any particular restriction to accommodate plaintiff's claimed pain. Nevertheless, the ALJ's RFC Finding accounts for plaintiff's complaints of pain by limiting her to sedentary work with a number of postural restrictions, and the RFC Finding was included in the hypothetical posed to the vocational expert. Finally, regarding plaintiff's obesity argument, the record does not indicate that any physician restricted plaintiff because of her obesity. Thus, the ALJ was not required to incorporate into the hypothetical any limitations for obesity.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). After reviewing the record, the court is satisfied that the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude

that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901